# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ROMERO, | CASE NO. 1:08-cv-00669 LJO YNP GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| JAMES A. YATES, M.D., et al., | |
| Defendants. | (Doc. 1) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 22, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff is an inmate at Pleasant Valley State Prison.  Plaintiff's sole statement of claim is that the Warden, Chief Medical Officer, and the CDCR have exposed Plaintiff to valley fever. Specifically, Plaintiff alleges that he was not warned about the existence of valley fever before he was transferred to Coalinga in 2002.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations fail to state a claim for relief. Plaintiff must allege facts indicating that each individual defendant knew of and disregarded a risk to Plaintiff's health, resulting in injury to Plaintiff. That valley fever existed at Pleasant Valley State Prison does not, of itself, subject the supervisory defendants named by Plaintiff to liability. Plaintiff does not allege that defendants prevented him from any treatment, or in any way denied Plaintiff medical care. Plaintiff has not alleged any facts suggesting that the individual defendants knew of a specific harm or risk to Plaintiff, and acted with deliberate indifference to that harm, resulting in injury to Plaintiff. The court finds Plaintiff's allegations to be vague and conclusory.

Further, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not

3

1  change the nature of this suit by adding new, unrelated claims in his amended complaint. George,
2  507 F.3d at 607 (no "buckshot" complaints).

3       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
4  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
5  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be
6  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.
7  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

8       Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
9  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
10  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
11  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
12  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
13  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
14  1474.

15       Accordingly, based on the foregoing, it is HEREBY ORDERED that:

16       1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

17       2.    The Clerk's Office shall send Plaintiff a complaint form;

18       3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
19           amended complaint;

20       4.    Plaintiff may not add any new, unrelated claims to this action via his amended
21           complaint and any attempt to do so will result in an order striking the amended
22           complaint; and

23       5.    If Plaintiff fails to file an amended complaint, the Court will recommend that this
24           action be dismissed, with prejudice, for failure to state a claim.

26       IT IS SO ORDERED.

27       Dated:   **February 11, 2010**          /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE