# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ROMERO, | CASE NO. 1:08-cv-00669-LJO-YNP PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 8) |
| JAMES A. YATES, et al., | |
| Defendants. | |

Plaintiff Ramiro Romero ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for entry of default judgment against Defendants on August 24, 2009. (Doc. #8.)

Plaintiff argues that the Court should enter default judgment because Defendants were served on May 16, 2008 by the U.S. Marshal and Defendants have not filed an answer to Plaintiff's complaint. Nothing presented in Plaintiff's motion or in Plaintiff's declaration in support of his motion supports his contention that Defendants have been properly served. The Court screened Plaintiff's complaint and found that Plaintiff's complaint failed to state any cognizable claims. (Doc. #13.) The Court dismissed Plaintiff's complaint with leave to amend and there is no complaint currently before the Court.

Plaintiff seeks entry of default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b). Rule 55(b) permits the Court to enter a default judgment against a defendant who has defaulted for not appearing. Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and

that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[a] federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)). Neither actual notice nor simply naming a person in the caption of a complaint will subject a defendant to personal jurisdiction if service is not made in substantial compliance with Rule 4. Jackson, 682 F.2d at 1347. If the Court lacks personal jurisdiction over Defendants, Defendants cannot be bound by any judgment rendered in this case and an entry of default judgment against Defendants would be void. Mason v. Genisco Technology Corp., 960 F.2d 849, 851 (9th Cir. 1982) (citing Yniguez v. Arizona, 939 F.2d 727, 735 (9th Cir. 1991)). Since Defendants have not yet been properly served and there is no complaint currently before the Court, the Court lacks personal jurisdiction over Defendants. Accordingly, the Court will deny Plaintiff's motion for entry of default judgment.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for entry of default judgment, filed August 24, 2009, is DENIED.

IT IS SO ORDERED.

Dated:   **February 12, 2010**          **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE