# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ROMERO,, | CASE No.    1:08-cv-00669-LJO-MJS (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE EQUAL PROTECTION CLAIM |
| v. | |
| JAMES A. YATES, M.D., et al., , | |
| Defendant. | (ECF No. 16) |
| _____/ | |

## SCREENING ORDER

## I.    PROCEDURAL HISTORY

On May 14, 2008, Plaintiff Ramiro Romero, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1).  Plaintiff has consented to a Magistrate Judge handling all aspects of this case. (ECF No. 5).  Plaintiff's First Amended Complaint is before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## III.    PLAINTIFF'S CLAIMS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

-2-

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

Plaintiff identifies the following defendants in this action: James A. Yates, Warden, Pleasant Valley State Prison (PVSP), Dr. F. Igbinoza, Chief Medical Director, PSVP, Dr. Duenas, and Dr. Ramirez.  The Complaint alleges that the Defendants were aware that as a diagnosed asthmatic, Plaintiff was at increased risk of contracting Valley Fever. (Compl. at 4).  Plaintiff further alleges that Defendants intentionally disregarded prison policy directing transfer of prisoners at increased risk of contracting Valley Fever, and kept Plaintiff at PVSP in spite of his known susceptibility to Valley Fever.  (Compl. at 14).  As a result, Plaintiff alleges he did contract Valley Fever.  (Compl. at 4).

Plaintiff claims constitutional violations under the Eighth Amendment and the Fourteenth Amendment.  The Court will examine each of these claims in turn below.

### A.   Defendants Yates and Igbinoza

Warden James A. Yates is alleged to have allowed Doctors Igbinoza, Duenas, and Ramirez to keep Plaintiff at PVSP even though Plaintiff qualified for transfer and even though other inmates were being transferred according to PVSP policy.  (Compl. at 12). Beyond this, the Complaint does not identify how Defendants Yates and Igbinoza violated Plaintiff's constitutional rights.  Doctors Duenas and Ramirez are the doctors alleged to have actually treated Plaintiff.  There is no allegation that Dr. Igbinoza actually treated Plaintiff; rather, Dr. Igbinoza is listed as a supervisor to the medical staff at PVSP.

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not allege that Defendants Yates and Igbinoza personally violated Plaintiff's constitutional rights. Instead, Plaintiff asserts that Yates and Igbinoza participated in the alleged violations by virtue of the fact that they were in supervisory positions to Dr. Duenas and Dr. Ramirez. This is a conclusory allegation not supported by facts in the Complaint.

The Court will give Plaintiff leave to amend his complaint with regard to Warden Yates and Dr. Igbinoza. In order to state a claim against these defendants, Plaintiff needs

-4-

to set forth sufficient facts showing that Yates and/or Igbinoza personally took some action that violated his constitutional rights.  The mere fact that they supervised the individuals responsible for a violation is not enough.

**B.    Eighth Amendment**

Plaintiff's allegations of an Eighth Amendment violation are varied and numerous. Considering the Complaint in the light most favorable to Plaintiff, the Court construes Plaintiff's claims as alleging Eighth Amendment violations based on the Defendants' failure to protect Plaintiff from contracting Valley Fever, the failure to provide adequate medical care, and the conditions of confinement.

1.    Failure to Protect

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities."  Id.  (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference

when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

_____With respect to this claim, the Amended Complaint alleges the following: A nurse diagnosed Plaintiff with asthma during his initial examination at PVSP.  The nurse noted Plaintiff should not remain at PVSP because asthma increases the risk of infection with, and severity of, Valley Fever.  PVSP had a policy to transfer asthmatics to other prisons with lower Valley Fever infection rates.  Plaintiff was medicated for asthmatic symptoms beginning on November 30, 2002, the day of his intake at PVSP.  He  alleges that  the Defendants knowingly exposed Plaintiff to Valley Fever in spite of his increased risk.

More than the average prisoner's chances of contracting Valley Fever at PVSP, Plaintiff is alleging that his asthma put him at an increased risk of infection, and that, if caught, his case of Valley Fever would be more severe, possibly deadly.  It is Defendants' failure to transfer him to another prison in light of this risk that Plaintiff asserts satisfies the two part test described above.

The Court finds that Plaintiff has failed to state a cognizable claim for a violation of the Eighth Amendment based on the Defendants' alleged failure to protect. The Complaint contradicts itself with regard to the date that Plaintiff contracted Valley Fever.  At one point Plaintiff alleges that  "Drs. Ramirez and Duenas would not tell me I had valley fever for almost four years after they diagnosed it on 11/30/2002." (Compl. at 10).  Plaintiff also admits to experiencing headaches, colds, and the flu during his first two years at PSVP. (Compl. at 6).  These allegations contradict another section of the Complaint where the Plaintiff asserts that he was diagnosed with Valley Fever on May 1, 2006.  (Compl. at 9).

As the Court understands this section of the Complaint, the alleged Eighth Amendment violation is based on Defendants' failure to protect Plaintiff in light of his increased risk of infection.  If Plaintiff was diagnosed with Valley Fever on November 30, 2002, then there was nothing Defendants could have done to protect Plaintiff as he would have already been infected upon his arrival at PVSP.

Before the Court can consider the merits of Plaintiff's Eighth Amendment failure to protect claim, the material factual allegations must not contradict each other.  The Court will give Plaintiff leave to file a second amended complaint.

### 2.   Inadequate Medical Care

Plaintiff alleges that Defendants failed to provide adequate medical care.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff alleges that he suffered various painful symptoms during his time at PSVP including "night sweats, fever, chills, headaches, joint pain, loss of appetite, and . . . severe pain especially in my head."  (Compl. at 9).  Plaintiff was diagnosed with types of asthma and pneumonia, in addition to Valley Fever.  Id.  These conditions constitute a serious

medical need.  See Handy v. Williams, 2010 WL 1444520, *7 (E.D. Cal. Apr. 9, 2010) (recognizing asthma, among other ailments, as a serious medical need); see also McGuckin, 947 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") The Defendants' response to this serious medical need was, according to the Complaint, numerous doctor visits, medications, and testing, which included "x-rays, CT scans, MRIs, bone scans, PET scans, and others."  (Compl. at 7).

The Court finds that, far from deliberate indifference, the medical treatment described in the Complaint appears to be thorough.  Plaintiff was continuously treated for his various medical conditions.

Plaintiff cites recent surveys by UC Davis Labs that allegedly show that the kind of image testing he received from his treating doctors at PVSP can exacerbate the effects of Valley Fever.  (Compl. at 7).  To the extent Plaintiff is alleging an Eighth Amendment violation based on the course of treatment chosen by his doctors, he has failed to state a cognizable claim.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle, 429 U.S. at 106.  The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The Court will give Plaintiff leave to amend his complaint with regard to the alleged inadequate medical care.  In order to state a claim for a violation of the Eighth Amendment based on inadequate medical care, Plaintiff needs to set forth sufficient facts showing (1) a serious medical need and (2) a deliberately indifferent response to that need on the part of the Defendants.  The fact that Plaintiff disagreed with the care he was provided is not sufficient to show a constitutional violation.

3.     Conditions of Confinement

Plaintiff alleges that his Eighth Amendment rights were violated when he was placed at PVSP, which he asserts has air that is contaminated with "unidentified particles" and "mucus filled with dust and lint . . . ." (Compl. at 14).  The courts of this district have found such claims to be insufficient.  "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."'  Cooper v. Yates, 2010 WL 4924748, *2 (E.D. Cal. Nov. 29, 2010) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009)); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009) ("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to allege facts that indicate Defendants are responsible for the conditions of which Plaintiff complains," such as "acts or omissions of Defendants have caused an excessively high risk of contracting valley fever at PVSP").

Plaintiff's allegation that Valley Fever spores exist at PVSP cannot, on its own, be the basis of a cognizable claim for a violation of the Eighth Amendment.  Because the

conditions of confinement claim rests on this sole allegation, it is dismissed with prejudice.

### C. **Fourteenth Amendment**

#### 1.   Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways.  First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated against him on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).   Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff has made no allegation that he is a member of a protected class or that Defendants acted on the basis of his status as a member of a protected class.  Therefore he may only establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

With respect to the first prong of the Equal Protection analysis, Plaintiff alleges his asthma diagnosis on November 30, 2002 gave him membership among a discernable class of prisoners who, because of an asthma diagnosis, were to be transferred according to prison policy to prisons that had a lower Valley Fever infection rate than PVSP.  The Court finds that this group is an identifiable class for the purposes of an equal protection claim.  See Dawkins v. McGrath, 2009 WL 5110668, *9 (E.D. Cal. Dec. 18, 2009) (recognizing prisoners who were suspected gang members as a class for rational basis review).

Plaintiff alleges that Defendants intentionally denied him  transfer in contrvention of PVSP policy, while others with medical conditions making them equally susceptible to Valley Fever were transferred to other prisons according to prison policy.  The Court finds that the second element of an equal protection is satisfied, the Plaintiff has alleged that he was treated differently than others in the identifiable class.

The third prong of the Equal Protection analysis requires an allegation that there was no rational basis for the Defendants' conduct.  Plaintiff alleges that he was eligible for transfer per prison policy, there were prisons with lower Valley Fever infection rates capable of housing his custody level, and that other asthmatic prisoners were being transferred. (Compl. at 12).  Liberally construed, the Complaint alleges that there was no rational basis for Defendants' failure to act according to prison policy. For screening purposes this is sufficient to satisfy the third prong of an equal protection analysis. See Clayton v. Harrington, 2010 WL 4010159, *3 (E.D. Cal. Oct. 13, 2010).

Plaintiff has alleged that he is a member of an identifiable class and that he was intentionally treated differently from others similarly situated without a rational basis.  On

-11-

screening, the Court must assume that Plaintiff's allegations are true and must draw all reasonable inferences in Plaintiff's favor.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  Applying these standards, the Court finds that the Complaint states a claim for a violation of the Plaintiff's  Fourteenth Amendment right to equal protection of the law.

2.    Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Prisoners have no constitutional right to incarceration in a particular institution.  Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976).  A prisoner's liberty interests are sufficiently extinguished by his or her conviction that a state may generally confine or transfer him or her to any of its institutions, to prisons in another state, or to federal prisons without offending the Constitution.  Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225).

Plaintiff alleges a due process violation stemming from the Defendants' failure to transfer him according to policy.  Plaintiff, as a state prisoner, had no recognizable liberty or property interest in being placed at any particular institution within the state prison system.  Thus, the Court finds that the Plaintiff has not stated a claim for violating his right

to Due Process. The Court will give Plaintiff leave to amend his complaint with regard to the alleged violations pursuant to the Due Process Clause.

## IV.    CONCLUSION AND ORDER

As discussed above, the Court finds that Plaintiff's Complaint states a claim for a violation of the Fourteenth Amendment's requirement of equal protection under the law, but fails to state a claim in any other respect.  Because it appears that at least one of Plaintiff's other claims may be viable with the addition of truthful facts, the Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file a second amended complaint and is agreeable to proceeding only on the claim found to be cognizable by the Court in this Order, Plaintiff may so notify the Court in writing.  If the Court receives such notice, it will dismiss the non-cognizable claims and the Defendants against whom no cognizable claims are pled, and service of process will be initiated against Defendants Dr. Duenas and Dr. Ramirez.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).    Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's office shall send Plaintiff a civil rights form;;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall either:

      a.      File a second amended complaint curing the deficiencies identified by the Court in this order, or

      b.      Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Dr. Duenas and Dr. Ramirez on his equal protection claim; and

3.      Plaintiff shall caption the document "Second Amended Complaint" and refer to the case number 1:08-cv-669-MJS (PC); and

4.      If Plaintiff fails to comply with this order, this action will be dismissed for

-14-

failure to obey a court order.

IT IS SO ORDERED.

Dated:   May 18, 2011          _____ /s/ _Michael J. Seng_____

UNITED STATES MAGISTRATE JUDGE