# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO ROMERO, | 1:08-cv-00669-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 21) |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff Ramiro Romero ("Plaintiff") is a former prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2011, the Court issued an Order to Show Cause Why the Case Should Not be Dismissed for Failure to Comply with a Court Order, and ordered the Plaintiff to file a second amended complaint or notify the Court of his willingness to proceed only on his cognizable equal protection claim by August 5, 2011. (ECF No. 21.) The August 5, 2011 deadline has passed and Plaintiff has not filed a second amended complaint, notified the Court of his willingness to proceed only on his cognizable equal protection claim, or otherwise responded to the Court's Order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

1  or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th
2  Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
3  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
4  amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)
5  (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
6  apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
7  (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
8  1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local
9  rules).

10  In determining whether to dismiss an action for lack of prosecution, failure to obey
11  a Court order, or failure to comply with local rules, the Court must consider several
12  factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need
13  to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
14  favoring disposition of cases on their merits; and (5) the availability of less drastic
15  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
16  F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

17  In the instant case, the Court finds that the public's interest in expeditiously
18  resolving this litigation and the Court's interest in managing the docket weigh in favor of
19  dismissal. The third factor, risk of prejudice to the defendant, also weighs in favor of
20  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay
21  in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The
22  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
23  outweighed by the factors in favor of dismissal discussed herein. Finally, a court's
24  warning to a party that his failure to obey the court's order will result in dismissal satisfies
25  the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262;
26  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's Order expressly
27  stated: "Failure to comply with this Order will result in dismissal of this action." (Order,
28  ECF No. 21.) Thus, Plaintiff had adequate warning that dismissal would result from his

noncompliance with the Court's Order.

Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not file a second amended complaint or notify the Court of his willingness to proceed only on his cognizable equal protection claim within **thirty (30) days** of entry of this Order, this matter be **DISMISSED by the District Judge**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 26, 2011           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE